OVERTON, Justice,
dissenting.
The majority is allowing a delinquent juvenile to escape any punishment for a serious offense due to a technical violation, which did not in any way prejudice the juvenile.
This case evolves from the commission of a sexual battery by the juvenile, age fifteen, on his twenty-two-year-old mentally handicapped cousin. The juvenile was taken into custody on September 8, 1989, several hours after the incident, on a probable cause affidavit that charged him with “sexual battery — victim mentally defective and defendant is believed to be aware of same,” an offense under the provisions of section 794.011(4)(e), Florida Statutes (1989).
The original petition for delinquency, filed September 26, 1989, alleged that the juvenile
did unlawfully commit a sexual battery upon [the victim], a person twelve years of age or older ... without the victim’s consent and the defendant used physical force and violence not likely to cause serious personal injury, contrary to section 794.011(5), Florida Statutes, a second degree felony.
(Emphasis added.) On November 30, 1989, the State filed an amended petition for delinquency, which was captioned “Sexual Battery with Victim Mentally Defective.” The body of the charge read, in pertinent part, that the juvenile
did unlawfully commit a sexual battery upon [the victim], a person twelve years of age or older ... while the victim was physically helpless to resist, contrary to Section 794.011(4), Florida Statutes, a first degree felony.
(Emphasis added.) On May 1, 1990, the trial court allowed a second amendment to conform the language of the petition to the charged violation. The second amended petition alleged that the juvenile
did unlawfully commit a sexual battery upon [the victim], a person twelve years of age or older who is mentally defective ... without the victim’s consent, with the knowledge that the victim is mentally defective, contrary to Section 794.- *301 011(4), Florida Statutes, a first degree felony.
(Emphasis added.) These amendments were allowed by the trial judge under Rule of Juvenile Procedure 8.110.[2]
On appeal, the district court recognized that the amendment charged the juvenile with a felony of a higher degree than the original petition. In affirming the trial court, the district court explained:
[The juvenile] was explicitly charged by the first petition with sexually battering his cousin on a certain date at a specific location, and without her consent. He was therefore made aware that the state would have to prove either that the victim had not agreed to the intercourse, or that any consent was not intelligent, knowing and voluntary. He would also have been aware that evidence of a mental handicap can always be introduced by the state to rebut any defense that the victim’s consent was knowing, intelligent and voluntary. Section 794.011(6), Florida Statutes.
[The juvenile’s] counsel has admitted to knowledge and notice from the original arrest report that the victim was mentally defective, and further admits there is no claim of “surprise” by the amendment. The amendment to the petition was made in November 1989, and [the juvenile’s] adjudicatory hearing was not held until May 1990. [The juvenile] had adequate time to prepare a defense to the charges against him when he was made aware by the original petition and the statutory scheme (irrespective of what subsection he was charged with violating) that the victim’s consent, under each of the provisions in question, was necessarily at issue, and that evidence of the victim’s mental deficiency could always be admitted to prove that any consent was not intelligent or voluntary.
573 So.2d at 104.
In M.F. v. State, 583 So.2d 1383, 1388-89 (Fla.1991), we stated that
since the design of the state was to change the allegations to different substantive violations, rather than merely correct clerical errors, the state circumvented the juveniles’ substantive rights to be properly charged within the applicable limitations imposed by section 39.-05(6). Under these circumstances it is inappropriate for courts to inquire any further concerning prejudice to the juveniles, because juveniles necessarily are prejudiced when they are denied their substantive rights..
We hold that the state may amend a timely-filed juvenile delinquency petition . after the forty-five-day filing period has elapsed if the amendment, made prior to the adjudicatory hearing, is intended to merely correct a good faith clerical-type error and not to change the substantive allegation for other reasons.
I recognize that in M.F. we disapproved the district court decision in this case, but, in doing so, this Court clearly did not focus on the fact that the probable cause affidavit charged the juvenile with the sexual battery of a mentally defective person without consent, the offense for which the juvenile was ultimately charged after all of the amendments. In my view, the critical issue is whether the first amendment to the initial petition was a substantive change occurring after forty-five days, which is prohibited by section 39.05(6), Florida Statutes (1989). I find that it is a much more reasonable interpretation of the statute *302 that, since the probable cause affidavit set forth the elements of the more serious felony charge, the state could properly amend the petition under rule 8.110, Rules of Juvenile Procedure, where there is no showing of prejudice to the juvenile. I would accordingly modify our M.F. decision to eliminate our disapproval of B.T., approve the decision of the district court, and answer the question in the affirmative. In my view, the legislature clearly did not intend that the provisions of section 39.-05(6), Florida Statutes (1989), would be construed to prohibit a delinquency action against B.T. under the circumstances of this cause.
McDONALD, J., concurs in result only.

. Rule of Juvenile Procedure 8.110 provides how amendments to juvenile delinquency petitions may be made and defects and variances corrected. Rule 8.110, paragraphs (c) and (d), provide as follows:
(c) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child and prejudice him in the preparation of a defense, the petitioner may be required to furnish a statement of particulars.